I object to court case #

FILED
IN CLERKS OFFICE

2012 AUG 20  P 12: 25

U.S. DISTRICT COURT
DISTRICT OF MASS

1:12-cv-10948-DPW

# 𝓙 Charter™

Charter Communications, Inc.
Legal Department
12405 Powerscourt Dr.
St. Louis, MO 63131
Fax: 314-909-0609

FILED
IN CLERKS OFFICE
2012 AUG 20 P 12: 25
U.S. DISTRICT
DISTRICT OF MASS.

**IMPORTANT LEGAL NOTICE: PLEASE READ CAREFULLY**

July 27, 2012

DAVID DEVEAU
78 HIGH ST
DOUGLAS, MA 015162513

***OBJECTION DEADLINE***

**August 26, 2012, 4:00 pm CT**

## References Used In This Notice

- Court Case: Celestial, Inc. (the "Plaintiff") v. Does 1-28, Court Case No. 1:12-cv-10948-DPW
- Court: United States District Court for the District of Massachusetts
- Copyrighted Work: "Deep ***** Massage 3"
- Identifying Information: Accountholder Name, Address(es), Email Address(es), IP log
- Charter Case Number: 12-2463
- Your ID Number: 2463-9

Dear Sir or Madam:

Charter has received a subpoena from attorneys for the Plaintiff seeking certain information about your Charter internet account ("Account"), including the Identifying Information listed above. The Court has issued an order compelling Charter to disclose this information relating to your Charter Account. Charter respects the privacy of its subscribers, and will disclose customer information only to the extent required by law, as indicated in Charter's privacy policy on www.charter.com. Because a court order authorizes the Plaintiff to obtain this information, Charter must disclose these records unless you formally oppose disclosure in the Court by the objection deadline stated above. Copies of the court order and subpoena are attached, as well as any other documentation that may have been court-ordered to be provided with this notice.

Charter records indicate that an IP address listed on an exhibit to the subpoena was assigned to your Account at the given date and time. Below is a copy of the log that associates the IP with your Account in this format: IP Address – Modem MAC – CPE MAC – IP Lease Start Time – IP Lease End Time.
24.107.238.127 00:23:a2:7c:9c:89 00:22:75:70:ab:0f 2011-11-02 12:09:27 2012-04-05 18:44:18

**Please note**: Charter cannot provide you legal representation and cannot object to the subpoena or court order on your behalf. If you wish to take action in this matter, you should contact an attorney immediately, who can advise you of your specific legal rights. If you intend to oppose the order, you should do so without delay in the court identified in the subpoena and order. **AN OBJECTION MADE SOLELY TO CHARTER IS INSUFFICIENT; OBJECTIONS MUST BE MADE DIRECTLY TO THE COURT. HOWEVER, CHARTER MUST BE NOTIFIED OF AN OBJECTION NO LATER THAN THE OBJECTION DEADLINE GIVEN ABOVE.**

If you file an opposition to the order, you or your attorney should provide a copy of the objection you submitted with the Court to Charter (attention "Legal – File-Sharing Team" via facsimile at 314-909-0609) by the objection deadline stated above so that Charter may withhold disclosure of your information. **PLEASE CLEARLY INDICATE IN YOUR COPY TO CHARTER (1) THAT YOUR OBJECTION WAS MADE TO THE COURT AND (2) PROVIDE YOUR NAME AND ADDRESS OR A COPY OF THIS LETTER, EVEN IF YOUR OBJECTION TO THE COURT IS ANONYMOUS. WITHOUT THIS INFORMATION CHARTER CANNOT WITHHOLD DISCLOSURE OF YOUR INFORMATION.**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | | |
|---|---|---|
| Celestial, Inc. DBA Lethal Hardcore | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 12-CV-10948-DPW |
| | ) | |
| DOES 1-28 | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Massachusetts ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, CHARTER COMMUNICATIONS (hereinafter "ISP"), Law Enforcement Paralegal
12405 Powerscourt Drive, Saint Louis, MO 63131

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

> Documents sufficient to identify the names, addresses, email addresses, and any other court-ordered information as set forth in the Order attached hereto as Attachment B of ISP's subscribers assigned the IP addresses identified on Attachment A on the corresponding dates at the corresponding times. You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: Westwood RL<br>Attn: Westwood Network - Marvin Cable<br>4600 Chippewa, Bldg. N, 418<br>Saint Louis, MO 63116 | Date and Time:<br>July 26, 2012 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: June 26, 2012

CLERK OF COURT

OR *[signature: Marvin Cable]*

_____      _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Celestial, Inc. DBA Lethal Hardcore, who issues or requests this subpoena, are:
Marvin Cable, Law Offices of Marvin Cable, 73 Bridge Street, Suite #6, Northampton, MA 01060, Email: contact@marvincable.com, Telephone: 413-268-6500

ATTACHMENT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELESTIAL, INC.<br><br>    *Plaintiff*,<br>v.<br><br>DOES 1 – 28,<br><br>    *Defendants*. | CIVIL ACTION No.: 1:12-cv-10948<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR EARLY DISCOVERY |

Upon consideration of plaintiff's Emergency Motion to Take Early Discovery, plaintiff's supporting memorandum, and the Declaration of Jon Nicolini attached to Complaint, plaintiffs Motion is hereby **GRANTED**. It is further **ORDERED** as follows:

1. Plaintiff is allowed to conduct immediate discovery on each Internet Service Provider ("ISP") listed in Exhibit A to the Complaint by serving a Rule 45 subpoena ("subpoena") that seeks information sufficient to identify each Doe defendant, including name, address (present and at the time of infringement), e-mail address, Media Access Control ("MAC") address, and the ISP's terms of service applicable for each defendant.

2. Plaintiffs may serve a subpoena also upon any intermediary ISPs that may be identified in response to a subpoena as providing Internet services to one or more of the Doe defendants.

3. Plaintiff shall cover any costs that the ISPs charge for researching Doe defendants.

4. The ISPs are authorized, pursuant to the Cable Privacy Act, 47 U.S.C. § 551(c)(2)(B), to comply with this subpoena, subject to the further conditions set forth in this Order.

5. Plaintiff shall use the information obtained by this subpoena solely for the purpose of protecting plaintiff's rights under the Copyright Act.

1

6. Plaintiffs shall attach a copy of this Order to each subpoenaed ISP. The subpoena shall instruct the ISPs to distribute a copy of this Order to each Doe defendant within seven days of service of the subpoena.

7. Plaintiffs shall also attach Court Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to each subpoenaed ISP. The subpoena shall instruct the ISPs to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena.

8. The ISPs shall not respond to the subpoena until thirty days after it has sent the Notice to each Doe defendant.

9. ISPs shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

**SO ORDERED**

Dated: June 21, 2012

/s/ Douglas P. Woodlock



2

## COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because you have been sued in the United States District Court for the District of Massachusetts in Boston, Massachusetts, as a "John Doe" by the movie studio CELESTIAL, INC.. You have been sued for infringing copyrights on the Internet by uploading and/or downloading the motion picture "Deep Tushy Massage 3." The movie studio has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

### YOUR NAME HAS NOT YET BEEN DISCLOSED. YOUR NAME WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA

Your name has not yet been disclosed. The movie studio has given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not yet decided whether you are liable for infringement. You can challenge the subpoena in Court. You have 30 days from the date that this notice is sent to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the companies cannot proceed against you until you are identified). The second page of this notice can assist you in locating an attorney, and lists other resources to help you determine how to respond to the subpoena. If you do not file a motion to quash, at the end of the 30-day period, your ISP will send the movie studio plaintiff your identification information.

### OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the District Court of Massachusetts, the movie studio must establish jurisdiction over you in Massachusetts. If you do not live or work in Massachusetts, or visit the state regularly, you may be able to challenge the Massachusetts court's jurisdiction over you. If your challenge is successful, the case in Massachusetts will be dismissed, but the movie studio may be able to file against you in another state where there is jurisdiction.

The movie studio may be willing to discuss the possible settlement of its claims against you. The parties may be able to reach a settlement agreement without your name appearing on the public record. You may be asked to disclose your identity to the movie studio if you seek to pursue settlement. If a settlement is reached, the case against you will be dismissed. It is possible that defendants who seek to settle at the beginning of a case will be offered more favorable settlement terms by the movie studio. You may contact the movie studio's representatives by phone at (413) 268-6500, by fax at (413) 268-6500, or by email at contact@marvincable.com.

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

4

**Charter**™

## FREQUENTLY ASKED QUESTIONS

**Q: Why did I receive this letter?**
A: Charter received a subpoena related to the Court Case described below. As part of the subpoena, the Plaintiff sent Charter a list of IP addresses that allegedly downloaded and/or distributed the Copyrighted Work on a specific date and time. An IP address on that list was associated with your Charter internet account; your corresponding IP address log was stated in the letter you received. Because of this association, Charter is required to disclose your Identifying Information pursuant to the subpoena and court order. The MAC address is a unique number assigned to your modem.

**Q: What is this Court Case about?**
A: The Plaintiff has filed a lawsuit alleging that certain persons have infringed their copyrights by downloading and/or distributing the Copyrighted Work and has issued subpoenas to learn the identities of these persons. However, the Plaintiff does not know the actual identities of these persons – it only knows the Internet Protocol address ("IP address") of the internet account associated with the alleged activity. Accordingly, the Plaintiff has filed this lawsuit against anonymous "John Doe" defendants and has issued a subpoena pursuant to a court order to determine the identities of the anonymous Doe defendants. As described above, one of these subpoenas has been sent to Charter as your internet service provider. If the Plaintiff receives your Identifying Information, you will likely be added as a named defendant to the lawsuit.

**Q: Am I being charged with a crime?**
A: This notice relates solely to a civil lawsuit, not a criminal investigation.

**Q: Can Charter give me legal advice and/or object to this subpoena on my behalf?**
A: NO. This notice does not provide legal advice and Charter cannot advise you on what grounds exist, if any, to object to this subpoena. If you would like legal advice you should consult your own attorney. You can seek legal assistance from several sources, such as private attorneys, community legal aid organizations, bar association referral services, legal clinics at universities, and advocacy groups specializing in making such objections.

**Q: Has Charter disclosed my name and contact information to the Plaintiff yet?**
A: NO. Your Identifying Information has not been disclosed yet. However, it will be disclosed unless you object to the subpoena by following the steps outlined below before the objection deadline stated in the letter.

**Q: What must I do if I do not want my Identifying Information disclosed to the Plaintiff?**
A: If you do not want your information disclosed, you must object directly to the court identified in the order and subpoena by the objection deadline stated in the letter. You must also notify Charter by sending a copy of this objection to the attention of "Legal – File-Sharing Team" via fax to 314-909-0609. Please clearly indicate in your copy to Charter (1) that your objection was made to the court and (2) provide your name and address or a copy of the letter, even if your objection to the court is anonymous. Without this information Charter cannot withhold disclosure of your information. If you object to the subpoena directly to the court, your Identifying Information will not be disclosed until the court rules on your motion. Please note that an objection made solely to Charter is insufficient; it must be made to the court.

In summary, to prevent the disclosure of your Identifying Information, the following steps must be taken:
1. You must object to the subpoena directly to the court before the objection deadline.
2. You must notify Charter and send a copy of this objection to the court before the objection deadline. This copy should be sent by fax to 314-909-0609 to the attention of "Legal – File-Sharing Team" and must (1) clearly indicate that your objection was made to the court and (2) provide your name and address or a copy of the letter, even if your objection to the court is anonymous.
3. Remember that objections must be made to the court; objections made solely to Charter will not prevent the disclosure of your Identifying Information.

**Q: What if I do nothing?**
A: Charter is required to disclose your Identifying Information to the Plaintiff.