UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

Case No.: 1:12-cv-10948

FILED IN CLERKS OFFICE

2012 SEP -4  P 1: 36

U.S. DISTRICT COURT
DISTRICT OF MASS.

CELESTIAL, INC

   *Plaintiff,*

v.

DOES 1 - 28

   *Defendants.*

_____/

## MOTION TO QUASH SUBPOENA

I, John Doe Defendant #3, move the court for an order quashing the subpoena issued to the ISP (Internet Service Provider), Verizon Communications, Inc, seeking identifying information for the subscribers assigned to certain IP addresses on the grounds that the Defendants have been improperly joined and that Plaintiff fails to differentiate between a Defendant and a non-party Subscriber.

Dated: August 30th, 2012

Respectfully submitted,

*[signature]*

John Doe #3
*Pro se*

## **MEMORANDUM IN SUPPORT**

### **BACKGROUND**

On July 31, 2012, I received a letter from my ISP, Verizon Communications, Inc, informing me that my personal information had been requested and that I had been named a Defendant in this case (attached, Exhibit A). It is my hope that Exhibit A is sufficient to prove that I am, a Doe in this case, and I pray the court understands my desire to remain anonymous.

To cut court costs while suing as many individuals as possible, Plaintiff's council is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. In a case nearly identical to this one, *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255*, the court notes before dismissal:

> "[I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap —if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350"

## STATEMENT OF FACTS

Defendant Doe #3 (hereinafter referred to as "Doe") received a letter from Verizon Communications, Inc. (hereinafter referred to as "Verizon") indicating it had received a subpoena to disclose identifying information regarding Doe. Doe contends Plaintiff has improperly joined 28 individual defendants based on entirely disparate alleged acts. Doe contends that an IP address is not equitable to a person. Doe contends that Plaintiff is not following due process by naming non-party Subscribers as Defendants. Doe further contends this cause poses an undue burden and breaches due process.

Doe can verify appropriate standing to petition this court, proven in Exhibit A, which includes a copy of the letter from Verizon (personal information redacted) and a copy of the subpoena. This should provide more than reasonable evidence that the Doe is a subscriber and is affected by the subpoena. Considering this motion is intended to block the disclosure of privileged personal information, Doe prays for some consideration pursuant to *Fed. R. Civ. P. 11*, particularly those requiring the filer's phone number and/or email.

## LEGAL ARGUMENT

**1)   Plaintiff Has Improperly Joined 28 Individual Defendants Based on Entirely Disparate Alleged Acts**

The Plaintiff's joinder of 28 defendants in this single action is improper and runs the risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere, including

cases brought forth by adult film companies, as is the case here. One court noted:

> "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants."

*BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr.2, 2004) *(severing lawsuit involving 203 defendants)*

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

*Fed. R. Civ. P. 20.*

Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met: (1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of

transactions or occurrences"; and (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained:

"[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." LaFace Records, 2008 WL 544992, at *2. In BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement.

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon the use of the Internet to infringe a single work with a single "unique" hash, as per the BitTorrent protocol. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, perhaps using different services (software). That attenuated relationship is not sufficient for joinder. *See BMG Music v. Does 1-203, 2004 WL 953888, at *1.*

Nor does the analysis change because the BitTorrent protocol works by taking small

fragments of a work from multiple sources in order to assemble a copy. As such, the individual Defendants have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no credible allegations that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit makes litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

2) **Internet Protocol ("IP") addresses do not – by themselves – qualify as personal information, capable of accurately identifying an individual**

An IP address does not accurately identify a person. In *VPR Internationale vs. Does 1-1017 (No. 2:20011-cv-02068)*, Judge Harold A. Baker writes in an order denying expedited discovery:

> "Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of *Fed. R. Civ. P. 23*."

From an opinion in his response to an interlocutory appeal (bold added for emphasis):

> "In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were

seized in the raid. **Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections** (including a secure connection from the State University of New York). See *Carolyn Thompson, Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks (April 25, 2011)*. The list of IP addresses attached to VPR'S complaint suggests, in at least some instances, a similar disconnect between IP subscriber and copyright infringer. The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. **The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.** VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. The potential filing of a motion to quash is no reason to abandon the adversarial process. As VPR points out, *ex parte* motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel has sought leave to amend the complaint to add more Doe defendants. See *Lightspeed Media Corp. v. Does 1 - 100, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.)* (seeking leave to add Does 101 - 1000 as defendants). In *Hard Drive Productions, Inc. v. Does 1 - 1000*, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff."

In questioning whether expedited discover could be used to extort quick settlements, even from people who have done nothing wrong, Judge Baker states that:

> "[t]he embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether the plaintiff VPR has competent evidence to prove its case"

*VPR Internationale vs. Does 1-1017 (No. 2:2011-cv-02068)*

3) **Undue Process**

This subpoena violates due process by failing to take necessary steps to identify the alleged infringer or properly differentiate between an ISP subscriber and an infringer or defendant. The subscribers are not parties to the Complaint, rather, they are subjects of third-party discovery to determine the identify the infringer, as ruled in cv-12-10805-NMG in this Court. See excerpts from the Complaint, emphasis added:

> "[A]ll **Defendants** identified in Exhibit A (i) traded exactly the same file of the copyrighted work as shown by the identical hash mark; (ii) traded(simultaneously uploaded and downloaded) the exact same file as is the nature of BitTorrent software; (iii) did so within a limited period of time; and (iv) collaborated as a group of uploaders to speed the completion of each download of file."

Complaint, ¶ 5.

> "Each **Defendant** is known to Plaintiff only by the Internet Protocol ("IP")address assigned to that Defendant by his, her or its Internet Service Provider on the date and at the time at which the infringing activity of each Defendant was observed. The IP address of each Defendant, together with the date and time at which his, her or its infringing activity was observed and the hash value of the file, is included on Exhibit A which is attached hereto."

Complaint, ¶ 7.c.

> "Exhibit A [a list of the twenty-nine defendant/subscriber's IP addresses] identifies each **Defendant** (one Defendant per row in the table set out in Exhibit A) that has, without the permission or consent of the Plaintiff, reproduced and distributed to the public at least a substantial portion of the Motion Picture."
>
> Complaint, ¶ 19.

### 4) Undue Burden

Pursuant to *Fed. R. Civ. P. 45(c)(3)(A)(iv)* a subpoena shall be quashed or modified if it subjects a person to undue burden. Doe asserts being subject to an undue burden in being a target of this civil action, when there is a substantial likelihood that the plaintiff will be unable to establish that Doe was actually the person responsible for any files transferred at the times alleged, or that Doe copied, distributed, or otherwise infringed on a protected work owned by the plaintiff. Furthermore, the removal of Doe's cloak of anonymity will subject him to intrusive public scorn as an alleged unlawful copier of pornography.

WHEREFORE, Defendant John Doe #3 respectfully prays the Court GRANTS Defendant's Motion to Quash Plaintiff's Subpoena to Verizon Communications, Inc. Finally, Defendant respectfully prays the Court to grant Defendant such other relief as is just and equitable under the facts and circumstances of this cause.

Dated: August 30th, 2012                                Respectfully submitted,

*[signature]*

John Doe #3
*Pro se*

CERTIFICATE OF SERVICE

I hereby certify that on 8/31/2012, I served a copy of the foregoing document, via Facsimile, on:

Law Offices of Marvin Cable
73 Bridge St, Suite #6
Northampton, MA 01060
contact@marvincable.com
Telephone: (413)-268-6500
Facsimile: (413)-268-6500


And via Facsimile on Verizon Communications, Inc.:

Verizon Communications, Inc.
Verizon Legal Compliance
Custodian of Records
P.O. Box 1001
San Angelo, TX 76902
Facsimile: (325)-949-6916


Dated: August 31th, 2012                              Respectfully submitted,

                                                      John Doe #3
                                                      *Pro se*