**EXHIBIT A**



July 31, 2012

READ AT ONCE

COURT-DIRECTED NOTICE
REGARDING ISSUANCE OF SUBPOENA
SEEKING DISCLOSURE OF YOUR IDENTITY

Verizon Online, as your Internet Service Provider, recently received a legal document called a subpoena. Absent action by you, the subpoena requires us to disclose your name, address and other information. The subpoena was issued pursuant to a Court Order in a lawsuit pending in the United States District Court for the District of Massachusetts.

The Plaintiffs have filed a lawsuit alleging that various people have perhaps infringed their copyrights by illegally downloading and/or distributing a movie. However, the Plaintiffs do not know the actual names or addresses of these people – only the Internet Protocol address ("IP address") of the computer associated with the allegedly illegal activity.

Accordingly, Plaintiffs have filed lawsuits against so-called anonymous "John Doe" defendants and issued subpoenas to determine the identity of these people (the so-called "John Does"). The Plaintiffs have asked us to disclose your identification information to them, including your name, current (and permanent) addresses, and your email address and Media Access Control number. Enclosed is a copy of the subpoena seeking your information and the exhibit page containing the IP address that has been associated with your computer and showing the date and time you are alleged to have used the Internet to download or upload the particular movie. (The plaintiffs will have to prove that you illegally used the internet to download or upload the particular movie. We do not have records that would prove or disprove that fact; we simply have records that show that an IP address was assigned to a specific customer at a specific time. It may be that someone else, for a variety of reasons, was using the IP address).

This is a civil lawsuit, not a criminal case. You have not been charged with any crime. If the Plaintiffs receive your information from your Internet Service Provider, you will likely be added as a named defendant to their lawsuit.

INFORMATION ABOUT YOU HAS NOT YET BEEN DISCLOSED,
BUT IT WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT
CHALLENGE THE SUBPOENA.

Your identifying information has not yet been disclosed to the Plaintiffs.

This notice is intended to inform you of some of your rights and options. It does not provide legal advice. We cannot advise you about what grounds exist, if any, to challenge this subpoena. If you would like legal advice you should consult an attorney. Within this notice you will find a list of resources that may help you locate an attorney and decide how to respond to the subpoena or lawsuit

If you want to prevent being identified, you have 30 days from the date of this notice to file a motion to quash or vacate the subpoena and notify Verizon Online that you have done so. You must also notify your ISP. If you need more than 30 days to file such a motion or find a lawyer to assist you, you can file a motion asking for an extension of time; you should notify Verizon Online if you file a motion asking for more time. The appropriate address to send such notices to Verizon is:

Verizon Legal Compliance
Custodian of Records
P.O. Box 1001
San Angelo, TX 76902

Fax Number: 325-949-6916

Please provide us with a copy of the filed motion to quash the subpoena, your identity will not be disclosed until the court makes a decision on your motion. If you do nothing, then after 30 days we are compelled to send the Plaintiff your name, address, email address, telephone number, and your modem's Media Access Control number.

You may wish to obtain an attorney to advise you on these issues or to help you take action.

To help you find a lawyer, the American Bar Association's attorney locator can be found on the Internet at http://www.abanet.org/lawyerlocator/searchlawyer.html

The Electronic Frontier Foundation is an organization that seeks to protect the rights of Internet users. They have created a website that lists attorneys who have volunteered to consult with people in your situation and contains further information about the lawsuit that has been filed against you as well as similar lawsuits:

https://www.eff.org/issues/file-sharing/subpoena-defense

If you are interested in discussing this matter with the Plaintiff's attorneys, you may contact them by telephone at 413-268-6500. But please understand that these lawyers represent the company that is trying to sue you. They can speak with you about settling the lawsuit, if you wish to consider that. At the same time, you must be aware that if you contact them they may learn your identity, and that anything you say to them can later be used against you in court.

You should not call the Court.

Again, you may wish to retain an attorney to discuss these issues and your options.



AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| Celestial, Inc. DBA Lethal Hardcore <br> *Plaintiff* <br> v. <br> DOES 1-28 <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 12-CV-10948-DPW <br> ) <br> ) (If the action is pending in another district, state where: <br> ) District of Massachusetts ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records, Verizon Internet Services (hereinafter "ISP"), Legal Compliance
P.O. Box 1001, TXD01613, San Angelo, TX 76902

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Documents sufficient to identify the names, addresses, email addresses, and any other court-ordered information as set forth in the Order attached hereto as Attachment B of ISP's subscribers assigned the IP addresses identified on Attachment A on the corresponding dates at the corresponding times. You are to comply with this subpoena pursuant to the terms set forth in the Order attached hereto as Attachment B.

| Place: Westwood RL <br> Attn: Westwood Network - Marvin Cable <br> 6923 Indiana Avenue, 274 <br> Lubbock, TX 79413 | Date and Time: <br> July 26, 2012 at 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: June 26, 2012

*CLERK OF COURT*

OR  /s/ Marvin Cable

*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Celestial, Inc. DBA Lethal Hardcore , who issues or requests this subpoena, are:
Marvin Cable, Law Offices of Marvin Cable, 73 Bridge Street, Suite #6, Northampton, MA 01060, Email: contact@marvincable.com, Telephone: 413-268-6500

## ATTACHMENT A

Table of Observed Infringements by Defendants of Celestial, Inc. DBA Lethal Hardcore's Copyright Reg. No. in process. Copyright Application Service Request No. 1-726302301 filed on 2012-02-16.

| Defendant | Internet Protocol Address (IP) / Timestamp (U.S. Eastern Time) | Internet Service Provider (ISP) | State / District Court | Protocol / Hash |
|---|---|---|---|---|
| Doe 1 | 108.49.147.140 / 2012-02-23 20:27:01 -0500 | Verizon Internet Services | Massachusetts / District of Massachusetts | BitTorrent / 8f48fff0dbbbeba12cb9 03b9c210b48263376b01 |
| Doe 2 | 108.49.179.190 / 2012-03-06 13:46:41 -0500 | Verizon Internet Services | Massachusetts / District of Massachusetts | BitTorrent / 8f48fff0dbbbeba12cb9 03b9c210b48263376b01 |
| Doe 3 | 108.49.207.113 / 2012-02-24 20:19:17 -0500 | Verizon Internet Services | Massachusetts / District of Massachusetts | BitTorrent / 8f48fff0dbbbeba12cb9 03b9c210b48263376b01 |
| Doe 4 | 108.49.72.21 / 2012-03-21 00:50:04 -0400 | Verizon Internet Services | Massachusetts / District of Massachusetts | BitTorrent / 8f48fff0dbbbeba12cb9 03b9c210b48263376b01 |
| Doe 5 | 173.48.129.12 / 2012-03-01 23:20:57 -0500 | Verizon Internet Services | Massachusetts / District of Massachusetts | BitTorrent / 8f48fff0dbbbeba12cb9 03b9c210b48263376b01 |
| Doe 6 | 173.48.211.248 / 2012-03-16 09:06:33 -0400 | Verizon Internet Services | Massachusetts / District of Massachusetts | BitTorrent / 8f48fff0dbbbeba12cb9 03b9c210b48263376b01 |
| Doe 7 | 173.76.181.123 / 2012-03-24 18:02:04 -0400 | Verizon Internet Services | Massachusetts / District of Massachusetts | BitTorrent / 8f48fff0dbbbeba12cb9 03b9c210b48263376b01 |
| Doe 21 | 71.184.204.217 / 2012-02-25 13:49:24 -0500 | Verizon Internet Services | Massachusetts / District of Massachusetts | BitTorrent / 8f48fff0dbbbeba12cb9 03b9c210b48263376b01 |
| Doe 27 | 96.237.152.215 / 2012-03-04 23:13:20 -0500 | Verizon Internet Services | Massachusetts / District of Massachusetts | BitTorrent / 8f48fff0dbbbeba12cb9 03b9c210b48263376b01 |
| Doe 28 | 98.110.187.119 / 2012-03-26 05:04:15 -0400 | Verizon Internet Services | Massachusetts / District of Massachusetts | BitTorrent / 8f48fff0dbbbeba12cb9 03b9c210b48263376b01 |

## ATTACHMENT B

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CELESTIAL, INC.<br><br>       *Plaintiff,*<br>v.<br><br>DOES 1 – 28,<br><br>       *Defendants.* | CIVIL ACTION No.: 1:12-cv-10948<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR EARLY DISCOVERY** |

Upon consideration of plaintiff's Emergency Motion to Take Early Discovery, plaintiff's supporting memorandum, and the Declaration of Jon Nicolini attached to Complaint, plaintiff's Motion is hereby **GRANTED**. It is further **ORDERED** as follows:

1. Plaintiff is allowed to conduct immediate discovery on each Internet Service Provider ("ISP") listed in Exhibit A to the Complaint by serving a Rule 45 subpoena ("subpoena") that seeks information sufficient to identify each Doe defendant, including name, address (present and at the time of infringement), e-mail address, Media Access Control ("MAC") address, and the ISP's terms of service applicable for each defendant.

2. Plaintiffs may serve a subpoena also upon any intermediary ISPs that may be identified in response to a subpoena as providing Internet services to one or more of the Doe defendants.

3. Plaintiff shall cover any costs that the ISPs charge for researching Doe defendants.

4. The ISPs are authorized, pursuant to the Cable Privacy Act, 47 U.S.C. § 551(c)(2)(B), to comply with this subpoena, subject to the further conditions set forth in this Order.

5. Plaintiff shall use the information obtained by this subpoena solely for the purpose of protecting plaintiff's rights under the Copyright Act.

1

6. Plaintiffs shall attach a copy of this Order to each subpoenaed ISP. The subpoena shall instruct the ISPs to distribute a copy of this Order to each Doe defendant within seven days of service of the subpoena.

7. Plaintiffs shall also attach Court Directed Notice Regarding Issuance of Subpoena, a copy of which is attached to this Order, to each subpoenaed ISP. The subpoena shall instruct the ISPs to distribute a copy of the Notice to each Doe defendant within seven days of service of the subpoena.

8. The ISPs shall not respond to the subpoena until thirty days after it has sent the Notice to each Doe defendant.

9. ISPs shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

**SO ORDERED**

Dated: June 21, 2012



# APPENDIX A

3

## COURT-DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing your Internet Service Provider ("ISP"), to disclose your name. The subpoena has been issued because you have been sued in the United States District Court for the District of Massachusetts in Boston, Massachusetts, as a "John Doe" by the movie studio CELESTIAL, INC.. You have been sued for infringing copyrights on the Internet by uploading and/or downloading the motion picture "Deep Tushy Massage 3." The movie studio has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

## YOUR NAME HAS NOT YET BEEN DISCLOSED. YOUR NAME WILL BE DISCLOSED IN 30 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA

Your name has not yet been disclosed. The movie studio has given the Court enough information about your alleged infringement to obtain a subpoena to identify you, but the Court has not yet decided whether you are liable for infringement. You can challenge the subpoena in Court. You have 30 days from the date that this notice is sent to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and the companies cannot proceed against you until you are identified). The second page of this notice can assist you in locating an attorney, and lists other resources to help you determine how to respond to the subpoena. If you do not file a motion to quash, at the end of the 30-day period, your ISP will send the movie studio plaintiff your identification information.

## OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

To maintain a lawsuit against you in the District Court of Massachusetts, the movie studio must establish jurisdiction over you in Massachusetts. If you do not live or work in Massachusetts, or visit the state regularly, you may be able to challenge the Massachusetts court's jurisdiction over you. If your challenge is successful, the case in Massachusetts will be dismissed, but the movie studio may be able to file against you in another state where there is jurisdiction.

The movie studio may be willing to discuss the possible settlement of its claims against you. The parties may be able to reach a settlement agreement without your name appearing on the public record. You may be asked to disclose your identity to the movie studio if you seek to pursue settlement. If a settlement is reached, the case against you will be dismissed. It is possible that defendants who seek to settle at the beginning of a case will be offered more favorable settlement terms by the movie studio. You may contact the movie studio's representatives by phone at (413) 268-6500, by fax at (413) 268-6500, or by email at contact@marvincable.com.

You may also wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

4